UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                    Case No. 06-CR-327

HENRY R. BROWN,

        Defendant.

ORDER DENYING MOTION FOR NEW TRIAL (DOC. 167)

In February 2009, Henry Brown was found guilty at the end of a jury trial of one count of conspiracy to possess with intent to distribute and distribution of five kilograms or more of illegal drugs and one count of aiding and abetting the possession with intent to distribute five kilograms or more of cocaine. Following several postponements, Brown was sentenced In February 2011 to concurrent terms of life imprisonment.

In 2012, Brown filed a motion for new trial a few days before the deadline for doing so expired. *See* Fed. R. Crim. P. 33(b). He indicated that the motion was based on newly discovered evidence concerning the government's alleged failure to disclose favorable material and exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). However, Brown asked the court to stay consideration of the motion to allow him an opportunity for private investigators to gather additional evidence. Brown represented that as of the time of the motion his investigators had interviewed three witnesses. He believed that new evidence would show that he did not aid and abet Troy Lewis in an attempted drug transaction. Brown asked for time to supplement the record with affidavits, interview results, attachments, and a memorandum of law. (Doc. 167.) When Brown filed his motion, his direct appeal was before the Seventh Circuit.

This court granted the motion to stay, for the reasons Brown articulated, as well as the prohibition in Rule 33(b)(1) against granting a motion for new trial until the appellate court remanded the case. (*See* Doc. 172.) In 2014, the Seventh Circuit affirmed the judgment against Brown.

Shortly after receiving the mandate from Brown's appeal, this court directed Brown to file a status report regarding his readiness to proceed with the motion for new trial. (Doc. 193.) Brown replied stating that he intended to petition the United States Supreme Court for a writ of certiorari and that his investigator continued to gather information regarding the motion for new trial. He renewed the stay request and stated that "[i]mmediately upon final resolution of his direct appeal process, and/or final collection of the necessary evidence to substantiate his new trial motion, [he] will immediately notify this Court and request leave to proceed." (Doc. 193 at 1.) The court continued to stay the motion.

Unlike mandates from the Seventh Circuit, decisions from the Supreme Court are not sent to this court, so this court did not receive notice of the proceedings there. In October 2014, the Supreme Court denied Brown's petition for a writ of certiorari, and in January 2015, the Supreme Court denied Brown's petition for rehearing. Search—Supreme Court of the United States, https://www.supremecourt.gov/search.aspx?filename=/docketfiles/14-237.htm (last visited Mar. 27, 2017). However, contrary to his representation, Brown did not immediately notify this court of the Supreme Court's refusal to grant a writ of certiorari. Nor did he ever file in this criminal case any support for his motion for new trial. Thus, the stay was never lifted.

However, in late 2015 Brown filed a motion under 28 U.S.C. § 2255. He asserts nine grounds for relief in that motion. As part of ground seven, concerning prosecutorial

2

misconduct, Brown mentions that "the prosecutor has a continuing duty to disclose evidence and information (newly discovered or otherwise) which may establish a constitutional violation. " *Brown v. United States*, No. 15-C-1303, Doc. 1 ground seven (filed Nov. 2, 2015). In his supporting brief, Brown asks to incorporate "any evidence establishing prosecutorial misconduct, (including Brady violations), which may go to establishing facts known or which should have been known by Detective Baker and his colleagues concerning [Kevin] Arms." *Brown v. United States*, No. 15-C-1303, Doc. 1 Ex. 3 at 11 (filed Nov. 2, 2015). Moreover, he contends that "the prosecutor knew or should have known of Arms' discoverable activities which were occurring during and before Brown's trial, these acts were kept from Brown and his counsel, preventing their use at trial before Brown's jury." Brown adds that he "seeks a new trial because Baker's competence and integrity were essential to the prosecution[']s case; the accuracy of Arms's story was central to Brown's guilt; and both are undermined by Brady, Giglio, and Jencks violations." *Id.* at 24.

In January 2017, having received notice that Brown's sentence was commuted by then-President Barack Obama to 292 months' imprisonment (Doc. 198 at 4), this court asked Brown for a status report regarding his desire to pursue the motion for new trial. Brown responded that he still wished to proceed with the motion notwithstanding the commutation. However, even then he did not provide further support for the motion.

The court finds that by not filing any support for his motion for new trial or notifying the court within a reasonable time following the Supreme Court's denial of his petition for writ of certiorari Brown has failed to timely support his motion for new trial. Further, to the extent that Brown has included *Brady* issues in his § 2255 arguments, he has chosen to pursue those arguments in his civil proceeding rather than his criminal case. Therefore,

3

IT IS ORDERED that Brown's motion for new trial (Doc. 165) is denied.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2017.

BY THE COURT

s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE